REBECCA MOLLOY, Gdn v DAVID MOLLOY
& AMANDA MOLLOY

Ohio Appeals, 6th Dist, Lucas Co
No 2357. Decided March 31, 1930

H. P. Whitney, Toledo, and Paul H. Shank, Toledo, for Rebecca Molloy.

Warren L. Smith, Toledo, for David and Amanda Molloy.

RICHARDS, J.

David Molloy was adjudicated a bankrupt on February 15, 1928 and the record contains a duly certified copy of his discharge in bankruptcy. It is well settled that such adjudication can not be attacked collaterally and that if it is to be vacated and set aside, the proceeding therefor should be brought in Federal Court. It is claimed, however, that the adjudication does not amount to a discharge of the promissory note in this case for the reason that it was not properly scheduled as a debt of the bankrupt. Section 3 of the Bankruptcy Act of 1898 requires the bankrupt to file a list of his creditors showing their residences and the amount due each of them, together with the consideration thereof and the security held by them, if any, and the creditors so listed receive thereafter the notices required in bankruptcy proceedings. The indebtedness to Frances C. Molloy as scheduled was $4,000.00 on a promissory note, while the note sued on is for the amount of $5,000.00. There is, however, evidence in this case to show a payment of $2,000.00 on the note shortly after it was executed and, computing interest on the note to the time the bankruptcy proceedings were filed, the amount then due would be approximately $4,000.00, so that the argument that the $4,000.00 listed may have been for indebtedness on another note is hardly tenable. In addition to all this, a creditor being listed as such for any amount would receive notice of the bankruptcy and that she was listed as a creditor. The case in this respect is similar to Blake vs. Alswager, 10 American Bankruptcy Reports, N. S., 672. In that case, in the course of the opinion, the court uses the following language on page 674:

"The fact that in his schedule of creditors and liabilities the defendant listed the plaintiff as a creditor and some of her claims as liabilities, but did not list the claims sued upon, does not make them exempt from the bankruptcy proceedings."

We think that the indebtedness was sufficiently scheduled and that the defendant David Molloy was duly released from the indebtedness by his discharge in bankrupty.

That discharge, however, would not affect the liability of Amanda Molloy, the comaker on the promissory note. Section 16 of the Bankruptcy Act of 1898 provides that the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt. So far, therefore, as the bankruptcy proceedings are concerned, the defendant Amanda Molloy still remains liable on the obligation.

We have read with care the evidence contained in the bill of exceptions and beyond the fact that it contains evidence of a repayment of $2,000.00 in cash, we find no facts or circumstances sufficient to justify the rendition of a verdict and judgment in favor of the defendant Amanda Molloy. On the contrary, as to her, the verdict is manifestly against the weight of the evidence.

For the reasons given the judgment will be affirmed as to David Molloy and reversed and remanded for a new trial as to Amanda Molloy.

Williams and Lloyd, JJ., concur.